# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA DEPARTMENT OF TRANSPORTATION/DIVISION OF HIGHWAYS,**
**Employer Below, Petitioner**

**FILED**
**June 6, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 24-ICA-410     (Grievance Board Case No. 2024-0527-DOT)**

**THOMAS A. POWERS,**
**Grievant Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Department of Transportation/Division of Highways ("DOT") appeals the September 16, 2024, order of the West Virginia Public Employees Grievance Board ("Board"). Respondent Thomas A. Powers did not participate in this appeal.[1] The issue on appeal is whether the Board erred by reversing the DOT's decision to terminate respondent's employment.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For these reasons, the Board's decision is reversed.

Mr. Powers worked for the DOT as a Transportation Construction Superintendent with the Department of Highways. On October 19, 2023, a female crewmember under Mr. Powers' direct supervision reported that Mr. Powers and other crewmembers made inappropriate sexual remarks and gestures to her during work.  She informed one of Mr. Powers' superiors, Jeremy Casto, Assistant Director of Operations, and requested that she be transferred to a new work crew. The DOT began investigating the matter in November 2023.

On December 12, 2023, a report substantiating the allegations was issued by the DOT's investigator. According to the report, the investigator interviewed Mr. Powers, the female crewmember, and Mr. Powers' coworkers and supervisors. In his interview, Mr. Powers denied any wrongdoing. However, based upon the other interviews, the

---

[1] Petitioner is represented by Jack E. Clark II, Esq.

1

investigator determined that between September 2023 and October 2023 Mr. Powers made disparaging remarks towards women in the workplace and regularly made jokes of a sexual nature. For example, the investigation showed that Mr. Powers often made jokes, remarks, and engaged in conversation with male crew members about the female anatomy and sexual intercourse. It was determined that, at times, the female crewmember was subjected to those remarks and jokes.

Following the investigation, on January 5, 2024, Mr. Casto issued Mr. Powers a Form RL-544 ("Form"), which included the recommendation that Mr. Powers' employment be terminated. As the basis for this recommendation, the Form set forth that the investigation substantiated Mr. Powers' violation of the following subsections of DOT Policy 3.26, Section 4.5, Prohibited Workplace Harassment: (B.) Improper questions about an employee's private life; (C.) Sexually discriminatory ridicule, insults, jokes, or drawings; and (G.) Repeated sexually explicit or implicit comments of obscene and suggestive remarks that are unwelcome or discomforting to the employee. This conduct also violated the following subsections of DOT Policy 3.32, Section 4.2, Standards of Work Performance and Conduct: (C.) Maintenance of high standard of personal conduct and courtesy in dealing with the public, fellow employees, subordinates, supervisors, and officials; and (J.) Refusal to engage in insulting, abusive, threatening, offensive, defamatory, harassing, or discriminatory conduct or language and prompt reporting of the same to the appropriate authority.[2]

On January 10, 2024, Mr. Powers participated in a predetermination meeting with the DOT and was given the opportunity to respond to the Form and the disciplinary recommendation of dismissal. Mr. Powers signed a verification of disciplinary action and in response wrote: "My plea is I know I have violated policy[,] I understand it and I would like to see if days off and put to work in Tennerton for my couple of months to March and do the repair work there. And retire if at all possible."

On January 12, 2024, the DOT issued Mr. Powers a letter of dismissal, which stated that he was being terminated for gross misconduct, effective January 27, 2024, and further explained:

> The reason for your termination is your violation of the WVDOT Standards of Work Performance. More specifically, but not limited to:

---

[2] The Form also noted Mr. Powers had a prior substantiated violation of DOT policy, which resulted in his suspension in March 2022 for grabbing a subordinate around the neck/collar and verbally threatening him. The Form further indicated a prior history of job-related performance issues for Mr. Powers. However, the Board did not rely upon these prior violations below, and they do not form the basis of our ruling in this appeal.

A recent investigation revealed, with evidence, that you have been making inappropriate sexual remarks and telling inappropriate jokes made inappropriate sexual remarks and body gestures and told inappropriate jokes to female subordinate employee. We have zero tolerance for this type of behavior that undermines our policies, values, and safety at the WVDOT.

WVDOT Standards of Work Performance and Conduct:

C. Maintenance of high standard of personal conduct and courtesy in dealing with the public, fellow employees, subordinates, supervisors, and officials.

E. Compliance with working rules, policies, procedures, regulations, and laws that apply to DOT employees.

F. Avoidance of detrimental behavior, outside activity, employment, or interests that may interfere with work performance or conduct, or that may create a conflict of interest.

J. Refusal to engage in insulting, abusive, threatening, offensive, defamatory, harassing, or discriminatory conduct or language and prompt reporting of the same to the appropriate authority.

Thereafter, Mr. Powers filed his grievance on February 7, 2024, and requested a level three hearing before the Board's administrative law judge ("ALJ"). Hearings were held on May 13, 2024, and July 2, 2024. The ALJ issued the Board's decision on September 16, 2024, finding that the DOT had failed to meet its burden of proof and ordering that Mr. Powers' employment be reinstated.

In support of this decision, the Board's order found that in its case in chief, the DOT heavily relied upon hearsay testimony of the DOT's investigator; the DOT adduced testimony from select DOT employees who had previously given statements during the investigation that corroborated the allegations against Mr. Powers, however, in their testimonies at the administrative hearing, these witnesses gave contradictory recollections of what they observed and effectively recanted their prior statements; Mr. Powers called two witnesses who testified that he was not present at work at the time some of the alleged misconduct occurred; the female crewmember was no longer employed by the DOT and was not called as a witness; and there was no witness at the administrative hearing who affirmatively testified that Mr. Powers engaged in the alleged inappropriate conduct. The order further observed that the DOT made no attempt to refresh any witness's memory or use their prior statements to rehabilitate their testimony. It also determined that the DOT investigator's testimony was entitled to little weight.

The Board's order also specifically addressed Mr. Powers' January 10, 2024, written response to the proposed disciplinary action. Here, the Board declined to find that this statement was a concession of wrongdoing by Mr. Powers, but rather, the order concluded Mr. Powers' statement "was simply attempting to be agreeable for settlement purposes to at least be allowed to retire and did not admit to any factual allegation."

The Board reinstated Mr. Powers' employment and awarded him backpay, along with the return of other benefits. This appeal followed.

In this appeal, we apply the following standard of review:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 6C-2-5 (2024) (stating that this Court has appellate jurisdiction over Board decisions).

On appeal, the DOT raises several points to argue that the Board erred in its determination that the DOT had not met its burden of proof against Mr. Powers. Among those arguments, the DOT contends that the Board's conclusion that Mr. Powers' January 10, 2024, statement was not an admission of wrongdoing was erroneous. The DOT maintains that Mr. Powers' statement establishes that his conduct violated DOT policy and supported his termination. We agree.

In this case, the DOT had the burden of proving by a preponderance of the evidence that the termination of Mr. Powers' employment was justified. *See* W. Va. Code R. § 156-1-3 (2018), in part ("The grievant bears the burden of proving the grievant's case by a preponderance of the evidence, except in disciplinary matters, where the burden is on the employer to prove that the action taken was justified."). Moreover, Mr. Powers was dismissed for good cause by the DOT. To be effective, a termination for good cause requires "misconduct of a substantial nature directly affecting the rights and interest of the

4

public, rather than upon trivial or inconsequential matters, or mere technical violations of statute or official duty without wrongful intention." Syl. Pt. 1, *Oakes v. W. Va. Dep't of Fin. & Admin.*, 164 W. Va. 384, 264 S.E.2d 151 (1980).

Below, the Board's order placed considerable emphasis on its determination that the testimony of the DOT's witnesses was inconsistent with their prior statements and ultimately insufficient to prove Mr. Powers' misconduct. Critically, however, the Board gave de minimis consideration to Mr. Powers' January 10, 2024, statement, which was written and signed by Mr. Powers and provides the most competent evidence of whether Mr. Powers violated DOT policy.

The reliable, probative, and substantial evidence establishes that Mr. Powers was provided an opportunity to respond to the results of the sexual harassment/misconduct investigation against him, as well as the disciplinary recommendation of dismissal. In plain terms, Mr. Powers stated, "I know I have violated policy[,] I understand it." While the Board attempts to downplay Mr. Powers' statement by concluding that he was just trying to be "agreeable" without admitting to any factual allegation, we conclude that this determination is clearly wrong.

Based upon the cited violations of DOT policy and reference to the November 2023 investigation and report, it is obvious that his statement was referring to the substantiated findings of the investigation. Frankly, Mr. Powers' statement speaks for itself and clearly acknowledges that he committed significant violations of DOT policy. Moreover, when considering that Mr. Powers' superintendent position required supervising work crews completing projects on our state's public roads and the alleged misconduct occurred within his own work crew during regular business hours, Mr. Powers' misconduct was neither trivial nor inconsequential. As such, the DOT justified its termination of Mr. Powers' employment by a preponderance of the evidence. Therefore, the Board's reinstatement of Mr. Powers' employment must be reversed.

Accordingly, we reverse the Board's September 16, 2024, order.

Reversed.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**
Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

5